## Case No. 6,537.

HITCHCOCK et al. v. SHONINGER MELODEON CO. et al.[1]

Circuit Court, D. Connecticut. 1875.

PATENT SUITS — DECISIONS IN OTHER CIRCUITS— ANTICIPATION—PRIOR ART—EVIDENCE—EQUITY PRACTICE—OBJECTIONS TO DEPOSITIONS.

[1. The decision of another circuit court as to the validity and infringement of a patent is entitled to great consideration, so far as it relates to points which are unaffected by a different state of the proofs.]

[2. The right of a patentee to be regarded as the first inventor is not defeated by trials and experiments which led to no practical result, and were abandoned.]

[3. Where prior invention, knowledge, and use by a third person, who has secured a patent, are set up by defendants, it is competent for complainant to meet the same by producing the said patent and the application therefor, together with the patentee's accompanying or contemporaneous declarations. But letters written by other persons, not witnesses, letters from officers of the patent office, and especially any abstract or digest of assignments, agreements, and other papers, not produced, are inadmissible.]

[4. It is not competent, as bearing on the state of the art, to introduce the testimony of persons whose business and experience were adapted to bring to them a knowledge of all improvements therein, to the effect that no such improvement as that covered by the patent in suit had previously come to their knowledge.]

[5. The Carpenter reissue No. 3,665, for a "tremolo attachment," held valid and infringed.]

[6. The better practice requires that objection to parts of depositions shall be made before the final hearing by motion to strike out, as the raising of objections at the hearing tends to inconvenience and confusion.]

[This was a suit in equity by Alonzo Hitchcock and others against the B. Shoninger Melodeon Company and others for the infringement of reissued patent No. 3,665.]

Before WOODRUFF, Circuit Judge, and SHIPMAN, District Judge.

WOODRUFF, Circuit Judge. This suit is brought to restrain the defendants from infringing certain letters patent [No. 3,665], reissued to the complainants, as assignees of Riley W. Carpenter, the original patentee, dated October 5th, 1869, for a "tremolo attachment." The answer impeaches the validity of the original and reissued patent; denies that the patentee was the first inventor of the thing patented; states that the same was known to others, and in public use, before the original patent to Carpenter; avers that the specifications are fraudulent, and made to deceive the public by untruthful statements and by concealment of the truth, and denies that the defendants have infringed. A suit was heretofore prosecuted in the circuit court of the United States for the Southern district of New York, in equity, by these complainants, against Tremaine and another, founded upon the same patents, and for infringing the patent by the sale of melodeons with the tremolo attachment manufactured by the present defendants, and in that suit the complainants obtained a decree establishing the validity of their patent, and their right to recover for the infringement complained of. In several forms the opinion of the court was declared upon topics material in the consideration of this case, and especially upon the validity of the patent, the novelty of the invention, and the fact of infringement. Hitchcock v. Tremaine [Cases Nos. 6,538–6,540]. The complainants herein, by their bill of complaint, charged that the defendants in that suit were the agents and salesmen of the defendants in this, and that that suit was defended by and at the expense of these defendants. This was, in substance, denied.

1 [Not previously reported.]

We do not think that the proofs here are such that the suit referred to operates to affect the defendants as an estoppel or otherwise. Their case is open here upon all the merits. The decision, however, so far as it embraces points arising in this case not affected by a different state of the proofs, is entitled to consideration, and, as our judgments concur therein, will be deemed conclusive and controlling.

An examination of the proofs in this cause, consisting in part of the same testimony used in the case above referred to, does not satisfy us that the case here is materially changed. There is, it is true, some testimony which, on its face, tends further to prove that the patentee was not the original inventor; but upon all the proofs we are not able to accord to it our credence. There are also some points made by the counsel for the defendants which do not appear to have been specifically passed upon in the case against Tremaine et al. But none of them, we think, have any force or effect to defeat the patent or the claim of the complainants to a decree. Upon the question of infringement, the case of the complainants is entirely free from doubt, and the title of the patentee to be regarded as the first inventor is not defeated by trials and experiments leading to no substantial success or practical result and which were abandoned. Such, at most, are the efforts which are mainly relied upon by the defendants to defeat that title. However this statement involves a disbelief of some or one of the witnesses, it is the conclusion to which we are constrained by all the proofs.

We do not think it necessary to discuss the case in detail. To follow the counsel through their elaborate, minute and learned briefs would be of little service to either of these, who, by the long litigation of both cases, are quite familiar with the subject. For the most part the opinion of Judge Blatchford in the former case expresses our conclusions in this. Neither the additional testimony, the further issues, nor our examination of the voluminous brief of the defendant's counsel, aided by his oral argument, have, in our opinion, withdrawn this case from the conclusions reached in the former. Instead of moving to strike out such portions of the depositions taken in the cause before the final hearing, so that the attention of the court might be directed solely to proofs recognized as admissible, the counsel for the defendants raised some objections to the admissibility of testimony on the hearing. This is a very inconvenient practice, tending to some confusion in the hearing and consideration of the case. The testimony as taken before the examiner contains very numerous objections. We are not called upon to notice any which were not renewed on the hearing, and, as to those objections which were well taken, all that we can do is to treat the evidence as struck out on the defendants' objection. Precisely how this is to be incorporated in the record for the purpose of any desired review is not obvious, unless perhaps by an order of the court striking out such testimony, either oral or documentary, so that it shall by the record appear that it was not made the basis of any finding of fact or the ground of the decree. The defendants' objection to eleven letters written by and to Taylor & Farley, marked B, B, from 1 to 11, was yielded to by the complainants and by consent they were struck out on the hearing. The defendants objected to numerous papers relating to letters patent granted to Lafayette Louis, the file wrappers and correspondence relating to his alleged invention, and to an abstract or digest of other papers relating to the various letters patent granted to him. The defendants had set up, as a ground of impeaching the claim that Carpenter was the first inventor, that Lafayette Louis had prior knowledge of the patented device, the prior use thereof by him, and that the said Louis had received letters patent therefor. Proofs had already been taken by the defendants tending, as claimed, to establish this specific branch of the defence. To meet such defence, as well as to show the state of the art at and before the granting of the letters patent to Carpenter, it was proper to produce the letters patent granted to Louis, his application therefor, and his declarations accompanying the same or cotemporaneous therewith, but we think that letters written by other persons, not witnesses in this cause, letters from officers of the patent office, and especially any abstract or digest of assignments, agreements and other papers, not produced, were inadmissible and they must be struck out. As bearing on the state of the art, testimony of persons whose business and experience was adapted to bring to them a knowledge of all improvements therein, that none such as Carpenter invented had before that come to their knowledge, was not incompetent. But declarations of Lafayette Louis subsequent to his alleged invention, were not competent to affect the defendants, he not being a witness in this case, and they must be struck out.

We do not find in the case grounds for admitting in evidence the agreement of the said Louis with Mason & Hamlin, nor the account of receipts and expenditures filed by Dora Louis in the matter of her application for an extension of the patent granted to her husband; they cannot affect the defendants; they must be struck out.

Several of the objections made on the hearing were sustained at that time, and the testimony objected to was struck out or deemed struck out. Whether a formal order was entered by the counsel we do not know, but all such testimony is rejected, and some of the printed testimony was waived by the plaintiffs' counsel, and not read. Some also was allowed by the court to stand for a special purpose only, e. g. as a contradiction of a witness, or merely to fix a date. If deemed material for any purpose in the future his-

tory of the cause, the record should be made to conform to all these rulings. Upon the proofs thus corrected, the complainants must have a decree according to the prayer of their complaint.

[For other cases involving this patent, see Cases Nos. 6,538–6,540.]